**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| TER TOOCH WASHTOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:24-CV-365-HAB |
| | ) | |
| BLUELINE SERVICES, LLC d/b/a | ) | |
| INDIANA RECOVER SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This is one of two suits filed over the repossession of a 2018 Honda Civic ("Vehicle").

Now before the Court is a motion to dismiss (ECF No. 13) filed by the lienholder, Consumers

Credit Union ("CCU"). CCU argues that it had the right to repossess the Vehicle based on its lien

rights and Plaintiff's admitted default on his car loan. The Court agrees conceptually. The Court

does not, however, agree that the substantive issues can be resolved on a motion to dismiss.

**I.     Well-Pleaded Facts[1]**

Plaintiff bought the Vehicle from Carmax in 2022. The purchase was financed by CCU,

but it does not appear that CCU ever recorded its lien. Plaintiff made payments for more than two

years but defaulted on the loan in 2024. Indiana Recovery Services, acting on behalf of CCU,

repossessed the Vehicle without a court order.

---

[1] CCU moves under Fed. R. Civ. P. 12(b)(6), so the Court accepts the well-pleaded factual allegations in Plaintiff's
Complaint as true.

## II.    Legal Analysis

### A.    *Motion to Dismiss Standard*

CCU has moved to dismiss this case under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. Rather, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).

### B.    *Conversion*

Plaintiff's first claim against CCU is for state law conversion. Conversion, as a tort, consists either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's. *Computers Unlimited, Inc. v. Midwest Data Sys., Inc.*, 657 N.E.2d 165, 171 (Ind. Ct. App. 1995).

Again, the Court agrees conceptually that Plaintiff's admitted breach of the loan likely gave CCU the right to repossess. And the facts may ultimately bear out that right. But at this stage of the litigation, the Court has only Plaintiff's allegation that the repossession was "without legal justification" and "unlawful." (ECF No. 1 at 4). The financing agreement may very well give CCU the right to repossess, but neither Plaintiff nor CCU has provided a copy of that agreement. And under Indiana law, if the repossession was unlawful a conversion claim will lie. *Chesterton State Bank v. Coffey*, 454 N.E.2d 1233, 1237 (Ind. Ct. App. 1983) ("The utilization of a conversion action is especially appropriate in cases such as this where wrongful repossession is at issue.").

Rather than provide the Court with the financing agreement to establish its legal rights, CCU relies on the UCC. It notes that Indiana's version of the UCC, specifically Ind. Code § 26-1-9.1-609, allows a secured party to take possession of collateral after default. And while that's true, it's not absolute. *See Swain v. Schild*, 117 N.E. 933, 935-36 (Ind. Ct. App. 1917) (waiver of default). It's also true that Indiana's version of the UCC allows parties to vary the effect of the UCC by agreement. Ind. Code § 26-1-1-102(3). Without knowing the parties' rights on default, something that would be express in the financing agreement, the Court cannot conclude that Plaintiff's conversion claim lacks merit.

The Court suspects that CCU will ultimately prevail on the merits. But that's not the question now. Plaintiff has properly pleaded a conversion claim against CCU, so the motion to dismiss on that claim is denied.

## C.    *Breach of Contract*

Plaintiff next claims that CCU breached the financial agreement by "authorizing or permitted the repossession of Plaintiff's Vehicle without proper cause or court order." CCU argues, again, that it had the right to repossess under the UCC.

The analysis here is little different from the conversion count. The Court has no idea what the terms of the financing agreement are because no party has seen fit to provide that contract. Without knowing the terms of the contract, the Court cannot know whether repossession was an available remedy for breach. It probably was, but Plaintiff has expressly pleaded that it was not. That's all the Court needs at this stage. The motion to dismiss the breach of contract claim is denied.

**D.    *Violation of the UCC***

Finally, Plaintiff alleges that CCU violated the UCC, specifically Ind. Code. § 26-1-9.1-310(a), by failing to file its security interest. But, as CCU notes, the only effect of failing to file the security interest is that CCU's interest is unperfected. *Nicholson's Mobile Home Sales, Inc. v. Schramm*, 330 N.E.2d 785, 789 (Ind. Ct. App. 1975). The Court finds no authority establishing an independent cause of action for failing to file a security interest, nor does it believe one exists. CCU's motion to dismiss Count IV is granted.

**III.    Conclusion**

For these reasons, CCU's motion to dismiss (ECF No. 13) is GRANTED in part and DENIED in part. Count IV of Plaintiff's complaint, alleging that CCU violated the UCC, is DISMISSED. CCU's motion to dismiss is DENIED in all other respects.

SO ORDERED on December 9, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT JUDGE